Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>MICHAEL A. GARCÍA FERNÁNDEZ<br>Peticionario | KLCE202301128 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.:<br>EV12022G0053 al 0055<br>ELA2022G0189 al 0192<br>EOP2022G0031<br><br>Sobre:<br>Asesinato y Ley de Armas |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Comparece el señor Michael A. García Fernández (el señor García Fernández o peticionario), mediante recurso de *certiorari*, solicitando la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 11 de septiembre de 2023.[1] Mediante esta, el foro primario declaró No Ha Lugar la solicitud de supresión de identificación presentada por el peticionario, en referencia al testimonio del agente Neftalí García Rodríguez (agente García Rodríguez), que se dispone a ser utilizado en el juicio para identificar al peticionario. Contrario a ello, juzga el señor García Fernández que el TPI debió celebrar una vista evidenciaria para dilucidar su solicitud de supresión de identificación, de modo que el Ministerio Público demostrara que su testigo, el agente aludido, tenía conocimiento personal de los hechos por los cuales se pretende sentarlo a declarar, atinentes a la identificación del acusado.

---

[1] Notificada el 12 de septiembre de 2023.

NÚMERO IDENTIFICADOR

RES2023_____

Vistos los argumentos de las partes, adelantamos que no apreciamos que se justifique nuestra intervención con el curso decisorio del foro de instancia, de manera que denegamos la expedición del recurso solicitado.

a.

Por hechos ocurridos el 24 de abril de 2022, el Ministerio Público imputó los siguientes delitos contra del señor García Fernández: Artículo 93 del Código Penal, 33 LPRA sec. 5142, (asesinato en primer grado y su tentativa); Artículo 249 del Código Penal, 33 LPRA sec. 5339, (riesgo a la seguridad u orden público al disparar un arma de fuego); Artículo 6.05 y 6.14 de la Ley Núm. 168-2019, Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 466h y 466m, respectivamente.

Superada la vista de arresto[2], fue celebrada la vista preliminar[3], en la cual testificaron la agente Lizandra Aponte y el agente Neftalí García Rodríguez (agente García Rodríguez), con propósito de identificar al peticionario como la persona que cometió los delitos imputados. Una vez escuchada la prueba desfilada por el Ministerio Público, el foro primario encontró causa para acusar.

Inconforme con el resultado de la vista preliminar, el 22 de agosto de 2023, el peticionario presentó una *Moción de Supresión de Identificación.* En la referida moción el señor García Fernández solicitó la supresión de los dos testimonios que utilizó el Ministerio Público para fines de identificación: (1) el de la agente Lizandra Aponte, que tomó unas declaraciones a la víctima del delito, antes de que falleciera; (2) el del agente García Rodríguez, quien identificó al peticionario como la persona que, en un video que se le mostró, presuntamente cometió los delitos que se le imputaron. Adujo en su solicitud de supresión de evidencia que debía suprimirse ambos testimonios por; ser prueba de referencia, violar el

---

[2] Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6.
[3] Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23.

derecho a la confrontación del acusado, y por el segundo testigo no tener conocimiento personal de los hechos.

En respuesta, el 1 de septiembre de 2023, el Ministerio Público presentó *Moción en Oposición a Solicitud de Supresión de Identificación.* Señaló, en lo pertinente, que del propio testimonio del agente García Rodríguez surgía que, reconoció e identificó al acusado al ver los videos del incidente que dio lugar a las acusaciones, a quien conocía previamente por una pasada intervención. El Ministerio Público solicitó que la petición de supresión de identificación fuera rechazada de plano, porque sus argumentos resultaban especulativos y no justificaban la concesión de una vista.

El 11 de septiembre de 2023,[4] el TPI emitió una *Resolución* en la que, por una parte, acogió la solicitud de supresión del testimonio de la agente Aponte, pero, por la otra, declaró No Ha Lugar la solicitud de supresión de evidencia presentada en cuanto al testimonio del agente García Rodríguez.

Inconforme con la segunda parte de la *Resolución* aludida, el 12 de octubre de 2023, el señor García Fernández acudió ante nosotros mediante recurso de *certiorari*, planteado los siguientes errores:

> Erró el Tribunal de Instancia al declarar no ha lugar la moción de supresión de identificación de la identificación hecha por el agente Neftalí García Rodríguez sin tener conocimiento personal de los hechos en controversia.

> Erró el Tribunal de Primera Instancia al declarar con un mero no ha lugar la moción de supresión de identificación de la identificación hecha por el agente Neftalí García Rodríguez sin celebrar una vista evidenciaria luego de que la defensa levantara objeción de falta de conocimiento personal del agente García.

Ese mismo día, el peticionario presentó una *Moción en Auxilio de Jurisdicción Solicitando la Paralización de los Procedimientos*, pero el 13 de octubre de 2023, denegamos paralizar.

---

[4] Notificada el 12 de septiembre de 2023.

Por otro lado, el 23 de octubre de 2023, el Pueblo, a través de la Oficina del Procurador General, presentó un *Escrito en Cumplimiento de Orden.*

b.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* en la pág. 711*; IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Dispone la Ley Núm. 201–2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, en su Art. 4.006 (b), que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. Al amparo de lo anterior, nuestro Tribunal Supremo ha manifestado, en lo pertinente, que la parte afectada por alguna orden o resolución interlocutoria en un proceso penal, puede presentar un recurso de *certiorari* mediante el cual apele el dictamen interlocutorio del foro primario. *Pueblo v. Román Feliciano*, 181 DPR 679, 690 (2011). Cónsono con lo cual, en los casos atendidos bajo el proceso criminal, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, según la cual:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 L.P.R.A. Ap. XXII-B, R. 40.

Con todo, o a pesar de que se diera algunas de las situaciones previstas en la Regla 40, *supra,* —que nos habilitaría para expedir el certiorari—, la determinación sobre su expedición sigue siendo una discrecional. Según lo explicó nuestro Tribunal Supremo, *la amplitud del recurso moderno de certiorari no significa que sea equivalente a una apelación, pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. Pueblo v. Díaz De León*, 176 DPR 913, 918 (2009).

b.

Examinado el recurso de *certiorari* presentado, a la luz de los elementos previstos en la Regla 40 citada, no apreciamos que acontezcan las circunstancias que ameriten nuestra intervención con la *Resolución* recurrida. Es decir, no encontramos elementos que nos induzcan a sostener que el tribunal *a quo* demostrara abuso de discreción, actuara con prejuicio o parcialidad, o se equivocara en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, que justifique ejercer nuestra discreción para expedir el recurso solicitado. Por

tanto, decidimos denegar la expedición del recurso presentado, y permitir que el proceso continúe ante el foro recurrido sin mayor dilación.

De conformidad, denegamos expedir el auto solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones